UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------- x

ATRIUM GROUP DE EDICIONES Y         :
PUBLICACIONES, S.L., FRANCISCO      :    Civil Action No. 08-CV-01569 (CM)
ASENSIO,                             :
                                     :    *Electronically Filed*
    Plaintiffs,  :
                                     :
  v.                       :
                                     :
HARRY N. ABRAMS, INCORPORATED,      :
JOHN DOES 1-10,                      :
                                     :
    Defendants.  :
------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**



**DAVIS WRIGHT TREMAINE LLP**
1633 Broadway
New York, New York 10019
(212) 489-8230

*Attorneys for Defendant Harry N. Abrams, Inc.*

# TABLE OF CONTENTS

**Page**

Table of Authorities ........................................................................................................................ ii

Preliminary Statement..................................................................................................................... 1

The Allegations of the Complaint................................................................................................... 1

ARGUMENT................................................................................................................................... 4

    I.    THE COMPLAINT'S SECOND, THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION FAIL AS A MATTER OF LAW ........................................... 4

        A.    No Private Right of Action Exists for Alleged Fraud on the Copyright Office ........................................................................................................... 4

        B.    The Claim of False Designation of Origin Fails................................................. 4

        C.    The Second, Fifth and Sixth Causes of Action are Pre-Empted ....................... 6

            1.    Unjust Enrichment (Sixth Cause of Action) ......................................... 7

            2.    Misappropriation of Intellectual Property (Second Cause of Action) ................................................................................................... 8

            3.    Deceptive Business Practices (Fifth Cause of Action) ........................ 9

Conclusion .................................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*A Slice of Pie Products, LLC v. Wayans Bros. Entmt.*,
  392 F. Supp. 2d 297 (D.Conn. 2005) .................................................................. 6

*Briarpatch Limited, L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004) .......... 7

*Computer Associates International, Inc. v. Altai, Inc.*, 982 F.2d 693 (2d. Cir 1992) ........ 7

*Dastar v. Twentieth Century Fox*, 539 U.S. 23, 123 S. Ct. 2041 (2003) ................. 1, 5, 6

*Donald Frederick Evans and Assocs., Inc. v. Cont'l Homes, Inc.*,
  785 F.2d 897 (11th Cir. 1986) .......................................................................... 4

*Kelly v. L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992) ................................................ 4

*Kregos v. Associated Press*, 3 F.3d 656 (2d Cir. 1993) .............................................. 9

*Lennon v. Seaman*, 63 F. Supp.2d 428 (S.D.N.Y. 1999) ............................................ 7

*National Basketball Association v. Motorola, Inc.*, 105 F.3d 841 (2d Cir. 1997) ........ 7, 8

*Samara Brothers, Inc. v. Wal-Mart Stores, Inc.*, 165 F.3d 120 (2nd Cir. 1998) .............. 9

*Smith v. New Line Cinema*, No. 03 Civ. 5274 (DC),
  2004 WL 2049232 (S.D.N.Y. Sept. 13, 2004) .................................................... 6

*Too, Inc. v. Kohl's Department Stores, Inc.*, 210 F. Supp.2d 402 (S.D.N.Y. 2002) ........ 4

## Statutes and Rules

1 Nimmer on Copyright § 1.01[b][1][e] ................................................................... 9

1 Nimmer on Copyright § 1.01[b][1][f][iii] .............................................................. 8

1 Nimmer on Copyright § 1.01[b][1][g] ................................................................... 8

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 1

Lanham Act, 25 U.S.C. 1125(a) ..................................................................... 4, 5, 6

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Harry N. Abrams, Inc. ("Abrams") respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Second, Third, Fourth, Fifth and Sixth causes of action in the complaint of plaintiffs Atrium Group de Ediciones y Publicaciones, S.L. and Francisco Asensio (collectively, "Atrium") (the "Complaint") for failure to state claims upon which relief may be granted.

### Preliminary Statement

The Complaint alleges that Abrams published new editions of three books of Atrium's without Atrium's permission and thereby infringed Atrium's copyright. Atrium did not register its books for copyright protection in the United States and therefore cannot seek statutory damages or attorneys' fees under the Copyright Act. However, Atrium attempts to augment the claim it asserts for copyright infringement with three claims it asserts under state law (for unjust enrichment, misappropriation and deceptive business practices) and a claim it asserts under the Lanham Act. Atrium even includes a cause of action that does not exist, for alleged "fraud against the Copyright Office." These five claims fail as a matter of law: the state law claims because they are pre-empted by the Copyright Act; the Lanham Act claim because it flies in the face of the Supreme Court's ruling in *Dastar v. Twentieth Century Fox,* 539 U.S. 23, 123 S. Ct. 2041 (2003), which defined the limits of claims for reverse passing off; and the claim for "fraud against the Copyright Office" because no such private right of action exists. Accordingly, the Court should dismiss these five causes of action.

### The Allegations of the Complaint

Abrams will vigorously dispute many of the factual allegations of the Complaint but summarizes its allegations here, solely for the purposes of this motion to dismiss five of the causes of action Atrium alleges. Although it is not necessary for the decision of this motion,

Abrams also contends that it did not infringe Atrium's copyright because the parties had an agreement for the publication of the books. However, this motion addresses only the other five causes of action Atrium asserts, all of which may be dismissed as a matter of law even assuming the factual allegations in the Complaint are true.

### *The Parties*

Plaintiff Atrium Group de Ediciones y Publicaciones, S.L. is a Spanish corporation that publishes books about architecture, design, furniture and décor. (Compl. ¶¶ 2, 9)[1] It also licenses to other publishers the rights to produce its titles in other countries in various languages. (*Id.*, ¶ 9) Plaintiff Francisco Asensio is a citizen of Spain who owns and operates Atrium. (*Id.*, ¶¶ 3, 9)

Defendant Harry N. Abrams, Inc., is a New York corporation with its headquarters in Manhattan. (Compl. ¶ 4) Abrams specializes in publishing illustrated books and sometimes publishes new editions of books originally published in Europe.

### *Atrium and Abrams Negotiate a Publishing Agreement*

In its Complaint, Atrium alleges that in early 2006 it began negotiations with Abrams for the rights to license and distribute several books, including *Des!gn, Des!gn*; *New Architecture: An International Atlas*; and *International Beach Houses* (the "Works"). (Compl. ¶¶ 11-12) Atrium asserts that it is the exclusive owner of all rights in the Works (*id.*, ¶ 12), but Atrium does not allege that it ever registered the Works with the United States Copyright Office.

Atrium alleges that, during the negotiations, Abrams "obtained" copies of the Works on optical disks (Compl. ¶ 13), but Atrium does not allege that Abrams did so through any illicit or unauthorized means, essentially admitting that it provided Abrams with the disks voluntarily,

---

[1] References to "Compl. ¶ __" are to the Complaint filed by Atrium on February 15, 2008, at the indicated paragraph(s). A copy of the Complaint is annexed as Exhibit A to the Affidavit of Edward J. Davis, executed April 17, 2008 ("Davis Aff."), submitted herewith.

presumably for the purpose of the publishing project. The Complaint alleges that Atrium was unable to reach an agreement with Abrams and that the parties decided not to continue negotiations. (*Id.*, ¶ 13)

***Plaintiffs' Alleged Injury***

The Complaint alleges that Atrium became aware in April 2007 that Abrams had copied, published and was distributing the Works throughout the United States. (Compl. ¶ 14) Atrium alleges that it had not granted any right, title or license to Abrams, or consented to any copying, reproduction, distribution, creation of derivative works or sale of the Works in the United States. (*Id.*, ¶ 18) Atrium further alleges that the Works "bear Abrams' logo on them, and do not bear Atrium's mark or logo anywhere on the outside of the books." (*Id.*, ¶ 20) Finally, Atrium asserts that Abrams "made material false representations to the Copyright Office in applying for and procuring registration" of two of the Works. (*Id.*, ¶ 54)

***The Claims and Requests for Relief***

On the basis of these allegations, the Complaint asserts six causes of action against Abrams. The First Cause of Action asserts copyright infringement. (Compl. ¶¶ 22-40) The Second Cause of Action alleges misappropriation of intellectual property. (*Id.*, ¶¶ 41-45) The Third Cause of Action alleges false designation of origin under Section 43(a) of the Lanham Act. (*Id.*, ¶¶ 46-52) The Fourth Cause of Action purports to assert a claim for "fraud on the Copyright Office." (*Id.*, ¶¶ 53-61) The Fifth Cause of Action asserts a claim for a violation of New York's General Business Law, which prohibits unfair competition and deceptive business practices. (*Id.*, ¶¶ 62-66) The Sixth Cause of Action asserts a claim for unjust enrichment. (*Id.*, ¶¶ 67-70) The Complaint seeks compensatory damages, disgorgement of profits, punitive damages, injunctive relief, and an award of statutory damages and legal fees and costs.

# ARGUMENT

## I.

## THE COMPLAINT'S SECOND, THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION FAIL AS A MATTER OF LAW

Although Atrium's claim of copyright infringement has no merit, Abrams is not seeking its dismissal at this time. However, five of the six causes of action in the Complaint should be dismissed as a matter of law. Even if the facts alleged by Atrium are assumed to be true, the Second, Third, Fourth, Fifth and Sixth causes of action fail to state any claim.

**A.     No Private Right of Action Exists for Alleged Fraud on the Copyright Office**

Atrium alleges that Abrams registered copyright in two of the books in its own name without authorization and therefore committed fraud on the Copyright Office, in violation of 17 U.S.C. § 506(e). Leaving aside the asserted factual foundation for the claim, which Abrams would deny, Atrium may not sue Abrams for alleged fraud on the Copyright Office (Atrium's Fourth Cause of Action) because "there is no private cause of action under the criminal provisions of the copyright law." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 39 (S.D.N.Y. 1992); *accord Too, Inc. v. Kohl's Department Stores, Inc.*, 210 F. Supp.2d 402, 405 (S.D.N.Y. 2002) ("(U)nder § 506(e), the crime of 'knowingly mak[ing] a false representation of a material fact in the application for copyright registration ... or in any written statement filed in connection with the application' has no corollary private right of action"); *Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 913 (11th Cir. 1986) ( "Congress intended that section 506 serve as a criminal statute and not give rise to private actions").

**B.     The Claim of False Designation of Origin Fails**

Atrium's claim of "reverse passing off" or false designation of origin under Section 43(a) of the Lanham Act, 25 U.S.C. 1125(a) (the Third Cause of Action), should be dismissed as well.

Atrium alleges that Abrams copied and published Atrium's works without permission under its own name and trademarks, and that Abrams failed to place Atrium's marks on the outside of any of them. (Compl. ¶¶ 14, 47, and 48) Atrium thus alleges that Abrams committed "reverse passing off" – misrepresenting Atrium's books as its own content.

The Supreme Court has established that a claim for reverse passing off may not be used as an alternative or as a supplement to a claim for copyright infringement, like the one made here. *Dastar v. Twentieth Century Fox*, 539 U.S. 23, 123 S. Ct. 2041 (2003). In *Dastar,* the defendant had sold videotapes presenting an old television series under a new name and its own label, marketing it without attribution to Fox. Fox alleged that Dastar's "bodily appropriation" of the content of the videotapes constituted "false designation of origin" by "reverse passing off." (The plaintiffs claimed false designation of origin instead of copyright infringement because the work that was copied had fallen into the public domain.) The Court had to determine "what § 43(a)(1)(A) of the Lanham Act means by the 'origin' of 'goods'" – "[i]f 'origin' refers only to the manufacturer or producer of the physical 'goods' that are made available to the public (in this case the videotapes), [defendant] was the origin. If, however, 'origin' includes the creator of the underlying work that [defendant] copied, then someone else ... was the origin of [defendant's] product." *Id* at 31.

The Court held that the producer of the goods is the "origin" under the Lanham Act:

> We think the most natural understanding of the 'origin' of 'goods' –
> the source of wares – is the producer of the tangible product sold in
> the marketplace, in this case the physical . . . videotape sold by
> [defendant]. The concept might be stretched . . . to include not only
> the actual producer, but also the trademark owner who
> commissioned or assumed responsibility for ('stood behind')
> production of the physical product. But as used in the Lanham Act,
> the phrase 'origin of goods' is in our view incapable of connoting
> the person or entity that originated the ideas or communications that
> 'goods' embody or contain. Such an extension would not only

> stretch the text, but it would be out of accord with the history and
> purpose of the Lanham Act and inconsistent with precedent.

*Id.* at 31-32. The Court thus found that a false designation of origin occurs only if the seller falsely indicates who manufactured or produced the physical goods, not who created an underlying work that was allegedly copied. *Id.* at 38. If that were not the case, almost every copyright infringement would also be actionable under the Lanham Act.

Here, Atrium is not claiming that Abrams has taken books that Atrium physically produced in Spain and somehow erased Atrium's name and substituted its own. Instead, Atrium alleges that Abrams has "copied" and "published" the content and expression without authorization or attribution. (Compl. ¶¶ 14, 19, 20, 29, 33 and 42) In other words, Atrium admits in its Complaint that Atrium is *not* the origin of the goods at issue, but that Abrams is the producer – and therefore the origin – of the books at issue. (Compl. ¶¶ 14, 19, 26, 29, 33 and 42) That is precisely the type of allegation that, under *Dastar*, may state a copyright claim (if the facts bear it out) but fails to state a Lanham Act claim. *See also, e.g., A Slice of Pie Prods., LLC v. Wayans Bros. Entmt.*, 392 F. Supp.2d 297, 312 (D.Conn. 2005) (dismissing Lanham Act claim asserted against defendants who produced and distributed a movie allegedly copied from the plaintiff's screenplay); *Smith v. New Line Cinema,* No. 03 Civ. 5274 (DC), 2004 WL 2049232, at *4 (S.D.N.Y. Sept. 13, 2004) (same). Atrium's Third Cause of Action, therefore, must be dismissed.

**C.     The Second, Fifth and Sixth Causes of Action are Pre-Empted**

The claims Atrium asserts under New York state law for misappropriation of intellectual property (Second Cause of Action), deceptive business practices (Fifth Cause of Action) and unjust enrichment (Sixth Cause of Action) are all pre-empted by the Copyright Act.

The Copyright Act exclusively governs a claim if (1) the work at issue falls within the types of works protected by the Copyright Act and (2) the claim seeks to vindicate legal or

equitable rights that are equivalent to one or more of the exclusive rights already protected by copyright law. *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 848 (2d Cir. 1997).

The first prong of this test – the "subject matter" requirement – is satisfied if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within one of the categories of copyrightable works. *Id.* at 848-49. Books are classic examples of works protected by the Copyright Act. The subject matter requirement is met for pre-emption of all three of Atrium's state-law claims.

The second prong of the test for pre-emption – the "general scope" requirement – is satisfied when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law, and the state-law claim does not include sufficient additional elements to make it qualitatively different from a claim for copyright infringement. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d. Cir 1992); *Briarpatch Limited, L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004). The claims Atrium asserts all allege acts that would constitute copyright infringement and are not qualitatively different from Atrium's copyright infringement claim. The general scope requirement is therefore satisfied for the pre-emption of each of the state-law claims as well.

1.  **Unjust Enrichment (Sixth Cause of Action)**

Courts have consistently found that the elements of a claim for unjust enrichment are not qualitatively different from the elements of a claim for copyright infringement. *See, e.g., Briarpatch Limited*, 373 F.3d at 306 ("While enrichment is not required for copyright infringement, we do not believe that it goes far enough to make the unjust enrichment claim qualitatively different from a copyright infringement claim"); *Lennon v. Seaman*, 63 F. Supp.2d 428, 436 (S.D.N.Y. 1999) ("Courts have generally held that the unjust enrichment theory creates

rights that are essentially equivalent to those created under federal copyright law"); 1 Nimmer on Copyright § 1.01[b][1][g].

Atrium's own Complaint aptly illustrates why its claim pre-empted. Atrium seeks to recover alleged profits from the sale of the three books and complains that it "has not received any advance payment, royalties, remuneration of any kind whatsoever, nor have they [*sic*] received returned copies of the titles thereby depriving them of any and all benefit." (Compl. ¶ 69) The essence of Atrium's unjust enrichment claim is thus the same as its claim for copyright infringement: that the Works were allegedly copied and published without authorization and that Atrium was allegedly deprived of payment for them. If this claim were not pre-empted, virtually every claim for copyright infringement could be coupled with one for unjust enrichment, seeking the same recovery for the same alleged wrong.

### 2. Misappropriation of Intellectual Property (Second Cause of Action)

For the same reasons, Atrium's claim for misappropriation of intellectual property cannot survive pre-emption. Atrium's allegations for misappropriation are identical to its allegations of copyright infringement: "Defendant, without Plaintiff's consent, printed, and created derivative works of the Works." (Compare Compl. ¶ 29 (in the First Cause of Action) and ¶ 42 (in the Second Cause of Action).) Renaming a copyright claim "misappropriation" does not create an additional cause of action. *See Nat'l Basketball Ass'n*, 105 F.3d at 852 ("only a narrow "hot-news" misappropriation claim survives pre-emption for actions concerning material within the realm of copyright"); *see also* 1 Nimmer § 1.01[b][1][f][iii] ("legions of cases have held pre-empted claims for misappropriation ranging from designs to computer 'input format' to catalog descriptions to unauthorized secondary transmission of broadcasts").

### 3.  Deceptive Business Practices (Fifth Cause of Action)

The claim Atrium asserts for deceptive business practices is likewise pre-empted. Atrium alleges that Abrams misrepresented itself as the owner of the rights to the Works and translated them without consent. (Compl. ¶ 64) The deceptive business practices Atrium alleges therefore consist of nothing more than the alleged misappropriation of Atrium's rights protected by copyright.

Claims for deceptive business practices based on the misappropriation of rights that fall within the scope of copyright are pre-empted, like the claims that were precluded in *Dastar*, as copyright claims in disguise. 1 Nimmer § 1.01[B][1][e] ("If ... B is selling B's products and representing to the public that they are B's, that is not passing off. A claim that the latter activity is actionable because B's product replicates A's... is in fact a disguised copyright infringement claim, and hence pre-empted"). Although Atrium styles this claim as an instance of deceptive business practices, in effect it simply alleges that protected expression was copied. Such a transparently duplicative claim is pre-empted. Atrium has not alleged, and cannot allege, that a separate claim for unfair competition is not pre-empted, as the plaintiff did in *Samara Brothers, Inc. v. Wal-Mart Stores, Inc.*, 165 F.3d 120, 131 (2nd Cir. 1998), because the imitation of the look of the plaintiff's designs has a deceptive effect on consumers that qualifies as an extra element of the claim, or because Abrams breached a fiduciary duty or confidential relationship or revealed trade secrets, which could also permit a plaintiff to avoid pre-emption by the Copyright Act. *See Kregos v. Associated Press*, 3 F.3d 656, 666 (2d Cir. 1993) (the Copyright Act "preempts unfair competition and misappropriation claims grounded solely in the copying of a plaintiff's protected expression") (citations omitted). Here, though Atrium asserts a violation of the statute prohibiting deceptive business practices and unfair competition, the claim alleges nothing more than a copying of protected expression and it is therefore pre-empted.

## Conclusion

Atrium has asserted multiple causes of action for a single alleged wrong: copying and selling the Works allegedly without permission. For the reasons described above, even if the factual allegations of the Complaint are taken as true and Abrams did not have Atrium's permission to publish the Works, the Second, Third, Fourth, Fifth and Sixth causes of action should be dismissed as a matter of law. Abrams' motion should therefore be granted.

Dated: New York, New York
April 17, 2008

DAVIS WRIGHT TREMAINE LLP

By: _/s/ Edward J. Davis_
Edward J. Davis (ED 1266)
Deborah A. Adler (DA 0909)

1633 Broadway
New York, New York 10019
Telephone: (212) 489-8230
Fax: (212) 489-8340

*Attorneys for Harry N. Abrams, Inc.*