Zeynel Karcioglu, Esq.
Zeynel Karcoglu (ZMK 7931)
36 East 20th St. 6th Fl.
New York, NY 10003
Telephone: 212.505.6933
Facsimile: 646.219.4517

The Law Office of Barry E. Janay, P.C.
Barry E. Janay (BJ9311)
33 Maiden Lane, 9th Floor
New York, NY 10038
Telephone:  646-652-6206
Facsimile:  208-693-6720

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATRIUM GROUP DE EDICIONES Y PUBLICACIONES, S.L., FRANCISCO ASENSIO,<br><br>Plaintiff(s)<br><br>v.<br><br>HARRY N. ABRAMS, INCORPORATED, JOHN DOES 1-10<br><br>Defendant(s). | CIVIL ACTION NO. 08-CV-01569 (CM) |

**Plaintiffs' Memorandum in Opposition to**
**Defendant's Motion to Dismiss**

1

## TABLE OF CONTENTS

Preliminary Statement ................................................................................ 1

Brief Statement of Material Facts ............................................................... 1

Argument ...................................................................................................... 3

    Motion to Dismiss Standard ................................................................. 3

    Plaintiffs' Misrepresentation and Unjust
    Enrichment Claims Are Not Preempted ............................................... 4

    Plaintiffs' Third Claim Is Not Barred ................................................... 7

Conclusion ................................................................................................... 8

## TABLE OF AUTHORITIES

### Statutes and Rules

FED. R. CIV. P. 12 ............................................................................................................3

FED. R. CIV. P. 8 ..............................................................................................................4

### Cases

*Adler v. Pataki,* 185 F.3d 35 (2d Cir. 1999) ...................................................................4

*Allen v. WestPoint-Pepperell, Inc.,* 945 F.2d 40 (2d Cir. 1991) ..................................2, 3

*Arizona Premium Fin., Inc. v. Bielli,* 77 F.Supp.2d 341 (E.D.N.Y.1999) .......................3

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ..................................................................3

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) .......................7

*Harper & Row, Publishers, Inc. v. Nation Enter.*,
723 F.2d 195 (1983) ........................................................................................................6

*International News Service v. Associated Press*,
248 U.S. 215 (1918) ........................................................................................................5

*Labajo v. Best Buy Stores, L.P.*,
478 F.Supp.2d 523 (S.D.N.Y. 2007) ...............................................................................6

*Meyers v. Waverly Fabrics, Div. of Schumacher & Co.,*
65 N.Y.2d 75 (N.Y. 1985) ...............................................................................................5

*National Basketball Ass'n v. Motorola*,
105 F.3d 841, 850 (2d Cir. 1997) .................................................................................5, 6

*Ox v. Union Central Life Ins Co.,* 1995 WL 634991 (S.D.N.Y. 1995) ...........................5

*Scholastic, Inc. v. Stouffer*, 124 F.Supp.2d 836 (S.D.N.Y. 2000) ...................................7

*Sears, Roebuck & Co. v. Stiffel Co.,* 376 U.S. 225 (1964) ..............................................7

*Ulloa v. Universal Music and Distribution Corp.*

2004 WL 840279 (S.D.N.Y. 2004) .................................................................................. 5

*Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995) ........................ 3

*Waldman Pub. Corp. v. Landoll, Inc.*  43 F.3d 775 (2d Cir. 1994) ................................. 7

## Legislative Materials and Treatises

1 J. Thomas McCarthy, McCarthy on Trademarks
and Unfair Competition, § 10.03[1] (3d Ed. 1994) ....................................................... 8

H.R. No. 94-1476 at 132, 94th Cong., 2d Sess.
*reprinted in* 1976 U.S.C.C.A.N. at 5748.) ....................................................................... 5

**Preliminary Statement**

Like many motions to dismiss, this one is premature. Without even denying the wrongful acts set forth in the Complaint, Defendant seeks to have the facts interpreted in it own favor, and knock out several alternative causes of action. While some of its assertions are accurate with respect to preemption and the availability of certain remedies, at this stage of the litigation it is too early to bar Plaintiffs' claims, as Atrium Group De Ediciones Y Publicaciones, S.L., ("Atrium") and Francisco Asensio ("Asensio") are entitled to discovery and to put forth alternative theories of relief.

In short, Defendant improperly obtained access to digital copies of Plaintiffs' works, reproduced them without permission or payment to Plaintiffs put their own name on the works, and widely distributed them for a profit, and outside the Plaintiffs' control. This course of events, as set forth below in greater detail, and as supported by evidence during the course of this action, entitles Plaintiffs to relief – not only under the federal Copyright and Lanham Acts, but, alternatively under common law.

This is not to say the there may be double recovery; several of these theories may in the end be preempted by the federal Copyright Act, but at this stage of the litigation, Plaintiffs' sufficiently allege Defendant's bad acts to survive this Motion to Dismiss. Accordingly, Defendant's Motion before the Court must fail, in large part (with the exception of the Deceptive Practices Claim.[1]

**Brief Statement of Material Facts**

Plaintiff Atrium ("Atrium") is a Spanish corporation that publishes and sells books worldwide. Francisco Asensio ("Asensio") owns and operates Atrium, and is the author of several books. (Compl. ¶¶ 2, 3, 9). Defendant Harry N. Abrams, Inc. is a New York corporation that

---

1 As set forth below, Plaintiffs seek leave to amend their Complaint to assert the Lanham Act claim and Misrepresentation claim in greater detail.

publishes and distributes books. In 2006, Atrium was involved in negotiations with Abrams for the distribution of several books in the United States. (Compl. ¶ 12). At the same time, it was discussing a possible merger with Abrams' parent company, La Martiniere, a company operating in France. (Id. ¶ 11.) During these merger discussions, Atrium provided the disks containing the books *Des!gn, Des!gn: Furniture and Lamps, New Architecture: An International Atlas, and International Beach Houses* (the "Works") to La Martiniere for purposes of due diligence. Contract discussions with La Martiniere fell through, but discussions with Abrams continued for distribution of several book, including the Works. (Compl. ¶ 11). In 2007, however, the parties could not reach an agreement, and these discussions also ceased. Abrams, however, had obtained copies of the disks containing the Works from La Martiniere, and, although the parties' discussions failed, had printed and began distributing the Works. (Compl. ¶ 13).

Contrary to Defendant's assertions, Plaintiff did not provide "Abrams with the disks [containing the Works] voluntarily."[2] The disks were provided to Abrams' parent company La Martiniere for purposes of due diligence for a potential merger; they certainly were not provided to Abrams to illicitly print the Works and sell them in the United States as soon as negotiations broke down.

When Atrium discovered that Abrams had printed and began selling the Works in the United States, it contacted Abrams to inquire why books were being sold; Defendant denied such sales. (Compl. ¶ 15). When Plaintiff visited New York, however, he was able to purchase a copy of *Des!gn, Des!gn: Furniture and Lamps* and *New Architecture: An International Atlas* from Barnes and Noble. Furthermore, *International Beach Houses* is listed on websites such as barnesandnoble.com and amazon.com. (Id. at ¶ 15, 16). It was also discovered that Abrams had

---

2 Through this assertion, Defendant improperly seeks to have the Court construe the Complaint's allegations facts in its own favor , contrary to the well-established tenets of drawing all inferences in favor of the non-movant in a motion to dismiss. *See* e.g. *Allen v. WestPoint-Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991).

obtained copyright registrations in its own name for at least two of the Works. (Compl. ¶¶ 31, 32). Defendant had misled Atrium into believing there was no distribution, in hopes, perhaps that Plaintiffs would not discover its unauthorized sales.

Plaintiff sued, and now Defendant, without having yet answered, seeks to dismiss several of Plaintiffs' alternative claims as preempted by the Copyright Act (which Defendant have violated). Defendant's motion fails on a number of fronts, as Plaintiffs' are entitled to, and can, prove facts sufficient to bring several of the claims in the Complaint.

## ARGUMENT

### Motion to Dismiss Standard

Despite defendant's assertions to the contrary, the Complaint sets forth factual allegations that, taken to be true with all inferences drawn in favor of Plaintiffs, establish a number of valid claims. It is well established that in order to succeed on this motion to dismiss under Fed. R. Civ. P. 12(b)(6), Abrams must demonstrate "beyond doubt that the plaintiff can prove *no* set of facts in support of his claim which would entitle him to relief." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)(emphasis added)). Furthermore, in considering a defendant's motion, the Court must "accept as true all of the factual allegations set out in Plaintiff's Complaint, and must draw all reasonable inferences in Atrium and Mr. Asensio's favor. *Id.*

At this early stage, the Court's analysis limited to a decision whether the plaintiff is "entitled to offer evidence to support the claim," not a determination as to whether plaintiff is likely to prevail on each different claim. *Arizona Premium Fin., Inc. v. Bielli,* 77 F.Supp.2d 341, 345 (E.D.N.Y.1999) (quoting *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995).

Furthermore, Plaintiffs' claims are governed by the liberal pleading guidelines of Fed. R.

Civ. P. 8(a), which require only that the plaintiff make "a short and plain statement of the claim 'that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Conley,* 355 U.S. at 47).  This Rule further permits a plaintiff to plead claims in the alternative, and permits a court to construe separate allegations in a Complaint as alternative claims. Fed. R. Civ. P. 8(d)(2).  A court may "construe separate allegations in a complaint as alternate theories," particularly in cases such as the one at hand, i.e. motions in which factual inferences are drawn in the nonmovant's favor.  *Adler v. Pataki*, 185 F.3d 35, 41 (2d Cir. 1999).

Particularly where the Defendant has not yet asserted its defenses or made any admissions, Plaintiffs often plead in the alternative.  *See e.g. Ox, v. Union Central Life Insurance Company*, 1995 WL 634991 (S.D.N.Y 1995)(declining to dismiss an unjust enrichment claim brought alongside a breach of contract and fraud claims where factual issues involving the claims had yet to be determined).

### Plaintiffs' Misrepresentation and Unjust Enrichment Claims Are Not Preempted

While some of Plaintiffs' claims *may* be preempted upon establishment or admission of its copyrights, they are not preempted at this pre-Answer stage.  Just as a plaintiff may plead both breach of contract and unjust enrichment in the same complaint, so may the aggrieved Plaintiffs in this case plead copyright infringement, along with misappropriation and unjust enrichment.  If copyright protection exists in the Works – which Plaintiffs' certainly assert –  Plaintiffs may not be able to recover under the latter theories; if, however, Defendant is somehow able to overcome the copyright claim, however unlikely, Plaintiffs are entitled to prove their case on a theory of misappropriation and unjust enrichment.

This Court recently followed Plaintiffs' reasoning in *Ulloa v. Universal Music and Distribution Corp.*, in which  the alleged copyright infringer was denied summary judgment on

Plaintiff's unjust enrichment claims that defendant claimed was preempted. 2004 WL 840279 (S.D.N.Y. 2004). The Court held that the plaintiff in that case could pursue an unjust enrichment *in the event that* "a jury finds that Plaintiff has no copyright in the composition . . . because of a work-for-hire relationship or some type of license." *Id*. at * 3. The Court correctly reasoned that the claims were not identical, they were alternative, and the unjust enrichment claim was not preempted.

Abrams' own cited cases recognize that the theft or otherwise deceitful procurement of intellectual property *not* covered by copyright may remedied under a theory of unfair competition commonly referred to as "misappropriation." *See National Basketball Ass'n v. Motorola*, 105 F.3d 841, 850 (2d Cir. 1997) ("'Misappropriation' is not necessarily synonymous with copyright infringement, and thus a cause of action labeled as 'misappropriation' is not preempted if it is in fact based neither on a right within the general scope of copyright as specified by section 106 nor on a right equivalent thereto.'")(*quoting* H.R. No. 94-1476 at 132, 94th Cong., 2d Sess. *reprinted in* 1976 U.S.C.C.A.N. at 5748.); *cf. International News Service v. Associated Press*, 248 U.S. 215 (1918); *Meyers v. Waverly Fabrics, Div. of Schumacher & Co.,* 65 N.Y.2d 75, 79-80 (N.Y. 1985) (holding that defendant could be found liable for misappropriating uncopyrighted designs).

As set forth in Defendant's papers, the Copyright Act will preempt a state law claim only if "(1) the work at issue falls within the types of works protected by the Copyright Act and (2) the claim seeks to vindicate equitable rights that are equivalent to one or more of the exclusive rights already protected by copyright law." Def's Mem. in Supp. Of its Mot. To Dismiss at p. 7 (citations omitted). The first prong of this test is the "subject matter" requirement. *Id.* If the subject matter requirement is not satisfied, however, then the claim cannot be preempted.

5

In this case, as in *Ulloa,* it has yet to be established that the subject matter test is met. Should the Defendant care to admit that the disks contain copyrightable Works as asserted by Plaintiffs, then it may be proper to bring the motion at hand; however, at this point, the claims are merely alternative pleading, and not a duplicative, preempted pleading. As widely recognized by this Court, the permissive "belt and suspenders" of alternative pleading at the outset of litigation does not support dismissal. *See e.g*. *Labajo v. Best Buy Stores, L.P.,* 478 F.Supp.2d 523, 531 (S.D.N.Y. 2007)(refusing to dismiss alternative claim of unjust enrichment in breach of contract action).

Furthermore, *National Basketball Ass'n,* expressly acknowledged that "certain forms of commercial misappropriation otherwise within the general scope requirement will survive preemption if an 'extra-element' test is met." 105 F.3d 841 (2d Cir. 1997)(*citing Harper & Row, Publishers, Inc. v. Nation Enter.*, 723 F.2d 195, 200, *rev'd on other grounds,* 471 U.S. 539 (1985). This is just such a case.

Plaintiffs have created several valuable Works through extensive labor and skill. They further allege that Defendant improperly obtained copies of this material and used it to its commercial advantage during the course of negotiations, and afterwards.. (Compl. ¶¶ 11-13). At trial, Plaintiff can and will produce facts that show that Abrams, through deception and willful bad acts, obtained copies of the Works from its parent company in France, and improperly printed the Works. These disks were provided to Defendant's parent company for a completely unrelated purpose, *i.e.* due diligence for a potential acquisition of Atrium Group by Abrams' parent company; they were not provided to Defendant to print and distribute the Works improperly. This deception constitutes the "extra element" necessary to avoid preemption, in addition to being an alternative claim, rather than a duplicative one.

6

**Plaintiffs' Third Claim Is Not Barred**

The case relied on by Defendant, *Dastar Corp. v. Twentieth Century Fox Film Corp.*, is distinguishable from the matter at hand. 539 U.S. 23 (2003). In *Dastar,* the Court held that the reediting and repackaging of an *uncopyrighted* work could be sold in packaging bearing another party's name and marks, and that failing to attribute to the owner of the (now public domain) work was not a violation of the Lanham Act. *Id.* There, *Dastar* (the defendant) purchased tapes of the original, uncopyrighted movie, edited it, created new packaging for it, and sold it under a new title. *Id.* at 8. In making its ruling, the Court expressed concern that "'the right to copy, and to copy without attribution, once a copyright has expired . . . passes to the public.'" *Id.* at 33 (*quoting Sears, Roebuck & Co. v. Stiffel Co.,* 376 U.S. 225, 230 (1964)(other citations omitted). The Court expressly limited its analysis to the case before it: namely, to one involving uncopyrighted materials. *Id.* at 35 (Noting that requiring "attribution of *uncopyrighted* materials [under the Lanham Act] would pose serious practical problems").

The case at hand is different as it involves copyrighted and copyrightable Works, of the type that courts in this Circuit have repeatedly held must not be published without proper designation of origin. *Scholastic, Inc. v. Stouffer*, 124 F.Supp.2d 836 (S.D.N.Y. 2000); *Waldman Pub. Corp. v. Landoll, Inc.* 43 F.3d 775, 781 (2d Cir. 1994)("A claim of reverse passing off is separate and distinct from a claim of copyright infringement.") Admittedly, these cases are pre-Dastar, but to date, there is not a single case citing Dastar's reasoning in this district; likely because its application is narrow.

Plaintiffs' claim survives dismissal on another ground not clearly set forth in the Complaint, but stated. The Works are serial-works and have been and will continue be published as a series. (Compl. ¶ 65); therefore the distinctive DES!GN, DES!GN and NEW ARCHITECTURE: portions

7

of the book titles are protectable trademarks. *See* J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, at § 10.03[1] (3d Ed. 1994)("Titles of a series of book . . . . do function as a trademark to indicate that each edition comes from the same source as the others and therefore such titles are registrable as trademarks.")

Accordingly, Plaintiffs respectfully seek leave to amend this portion of their Complaint. In doing so, Plaintiffs will withdraw their claim for Deceptive Business Practices set forth in the Complaint. Plaintiff also seeks leave to withdraw its claim of Fraud on the Copyright Office, without prejudice to re-assert this claim as an affirmative defense.

## Conclusion

In light of the foregoing, Plaintiffs respectfully request that Defendant's motion be denied, and seek leave to amend their Complaint to eliminate the Deceptive Business Practices Claim, and set forth the Lanham Act Claim and the acts of Misappropriation in greater detail. Furthermore, Plaintiff wishes to withdraw its Claim for Fraud on the Copyright Office, without prejudice and with leave to reassert the same in a Reply if necessary.

Dated: New York, NY
　　　　May 1, 2008

　　　　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　ZEYNEL KARCIOGLU, ESQ.

　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　Zeynel Karcioglu (ZK 7931)
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　36 East 20th Street, 6th Floor
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10003
　　　　　　　　　　　　　　　　　　　　　　(212) 505-6933

　　　　　　　　　　　　　　　　　　　　　　Barry E. Janay (BJ9311)
　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　33 Maiden Lane, 9th Floor
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10038
　　　　　　　　　　　　　　　　　　　　　　(212) 652-6206

8

## CERTIFICATE OF SERVICE

I hereby certify that this 1st day of May, 2008, a copy of the foregoing **Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss** was served upon counsel for Defendant by ECF and First Class mail, postage prepaid, to the attention of :

>Ed Davis, Esq.
>Davis Wright Tremaine LLP
>1633 Broadway
>New York, New York 10019

Dated: New York, NY
       May 1, 2008

                                    _____/s/_____
                                    Zeynel Karcioglu, Esq.