**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT NEW YORK**

---------------------------------------------------------- x

ATRIUM GROUP DE EDICIONES Y
PUBLICACIONES, S.L., FRANCISCO
ASENSIO,

                 Plaintiffs,

      v.

HARRY N. ABRAMS, INCORPORATED,
JOHN DOES 1-10,

              Defendants.

---------------------------------------------------------- x

Civil Action No. 08-CV-01569 (CM)

*Electronically Filed*

# REPLY MEMORANDUM OF LAW IN SUPPORT
# OF DEFENDANT'S MOTION TO DISMISS

**DAVIS WRIGHT TREMAINE LLP**
**1633 Broadway**
**New York, New York 10019**
**(212) 489-8230**

*Attorneys for Defendant Harry N. Abrams, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................i

PRELIMINARY STATEMENT .....................................................................................1

ARGUMENT...................................................................................................................1

    I.     Atrium Has Abandoned the Fourth and Fifth Claims It Asserted .................1

    II.    Dismissing Pre-empted Claims Is Entirely Appropriate Now.......................2

    III.   Atrium's Claims for Unjust Enrichment and Misappropriation Are
          Pre-Empted by the Copyright Act..................................................................3

    IV.   *Dastar* Precludes the Claim Atrium Asserts under the Lanham Act.............8

CONCLUSION................................................................................................................10

# TABLE OF AUTHORITIES

## CASES

Page(s)

*A Slice of Pie Products, LLC v. Wayans Brothers Entmt.*,
  392 F. Supp.2d 297 (D. Conn. 2005)..................................................................3, 4, 9

*Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40 (2d Cir. 1991)....................................2

*America Broadcast Co. Inc. v. Flying J. Inc.*, 2007 WL 583176
  (S.D.N.Y. Feb. 22, 2007)..............................................................................3, 8

*Bill Diodato Photography, LLC v. Kate Spade, LLC*, 388 F. Supp.2d 382
  (S.D.N.Y. 2005)..............................................................................................9

*Briarpatch Limited, L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004)......................4, 8

*Carroll v. Kahn*, 2003 WL 22327299 (N.D.N.Y. Oct. 9, 2003)....................................9

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
  539 U.S. 23, 123 S. Ct. 2041 (2003)............................................................8

*Flaherty v. Filardi*, 2007 WL 2734633 (S.D.N.Y. Sept. 19, 2007)..............................8, 9

*Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962)..........................................8

*Integrative Nutrition, Inc. v. Academy of Healing Nutrition*, 476 F. Supp.2d 291
  (S.D.N.Y. 2007)..........................................................................................3, 4

*Irwin v. ZDF Enterprises GmbH*, 2006 WL 374960 (S.D.N.Y. Feb. 16, 2006)..........................4, 8

*Katz Docherman & Epstein, Inc. v. Home Box Office*, 1999 WL 179603
  (S.D.N.Y. March 31, 1999)..........................................................................4

*Labajo v. Best Buy Stores, L.P.*, 478 F. Supp.2d 523 (S.D.N.Y. 2007)..........................6

*Lennon v. Seaman*, 63 F. Supp.2d 428 (S.D.N.Y. 1999)..........................................4

*Meyers v. Waverly Fabrics Division of Schumacher & Co.*,
  65 N.Y.2d 75, 489 N.Y.S.2d 891 (1985)........................................................6

**CASES (cont'd)**

**Page(s)**

*Moser Pilon Nelson Architects, LLC v. HNTB Corp.*, 2006 WL 2331013
    (D. Conn. Aug. 8, 2006) ............................................................2, 4, 5

*National Basketball Associate v. Motorola, Inc.*, 105 F.3d 841 (2d Cir. 1997) .....................5, 6, 7

*Orange Co. Choppers, Inc. v. Olaes Enterprises, Inc.*, 497 F. Supp.2d 541
    (S.D.N.Y. 2007) ............................................................3

*Ox v. Union Central Life Insurance Co.*, 1995 WL 634991
    (S.D.N.Y. Oct. 27, 1995) ............................................................6

*Panizza v. Mattel, Inc.*, 68 U.S.P.Q.2d 1469 (S.D.N.Y. 2003) ............................................................4

*Silverstein v. Penguin Putnam, Inc.*, 522 F. Supp.2d 579 (S.D.N.Y. 2007) ............................................................9

*Smith v. New Line Cinema*, 2004 WL 2049232 (S.D.N.Y. Sept. 13, 2004) ............................................................9

*Therapeutic Research Faculty v. NBTY, Inc.*, 488 F. Supp.2d 991
    (E.D. Cal. 2007) ............................................................7

*Ulloa v. Universal Music and District Corp*, 2004 WL 840279
    (S.D.N.Y. April 19, 2004) ............................................................4, 5

**Statutes and Rules**

**Page(s)**

1 Nimmer § 1.01 [b][1][f][iii] ............................................................4

17 U.S.C. § 301 ............................................................6

17 U.S.C. § 504(c)(2) ............................................................7

McCarthy on Trademarks and Unfair Competition, at 10:6 (2007) ............................................................9

## PRELIMINARY STATEMENT

In its Opposition to Abrams' motion to dismiss five of the six claims in the Complaint (the "Opposition"), Atrium barely attempts to defend the claims as pled. Instead, Atrium withdraws two of the claims and asks to replead two others, seeking to preserve only one. Atrium's readiness to assert and drop baseless claims or to try somehow to recast them disserves the parties and the Court, and it cannot disguise the claims' unavoidable infirmity.

Atrium asserts that the state law claims it has not dropped – for alleged misappropriation of intellectual property and unjust enrichment – are not pre-empted by the Copyright Act. However, like the claim for deceptive business practices that Atrium has withdrawn, those claims merely reiterate the claim Atrium asserts for copyright infringement, and they are therefore just as clearly pre-empted. Atrium's request to amend its complaint to bolster the claims it asserts for misappropriation and violation of the Lanham Act simply further highlights the shortcomings of those claims. The proposed amendments are no more tenable than the claims they seek to replace. In these circumstances, repleading would be futile.

Whether or not Atrium tries to rewrite the Complaint, the fact remains that the four causes of action it seeks to maintain amount to the same fundamental claim: unauthorized copying and distribution, which must be governed by the Copyright Act. All four claims are pre-empted and should be dismissed.

## ARGUMENT

### I.    Atrium Has Abandoned the Fourth and Fifth Claims It Asserted

In its Opposition, Atrium announces that it will withdraw the fifth cause of action in the Complaint, which alleges deceptive business practices. Opp. at 8. Atrium apparently now recognizes, as it should have all along, that such a claim in this case is plainly pre-empted by the Copyright Act.

Atrium also makes no attempt to defend its assertion of a claim for alleged fraud on the Copyright Office (its fourth claim). Opp. at 8. Even cursory research would have shown Atrium that there is no private right of action for such a claim.[1]

## II.    Dismissing Pre-empted Claims Is Entirely Appropriate Now

Atrium contends that a motion to dismiss is premature because it is entitled to discovery to prove facts sufficient to bring several of the claims it asserts. Atrium also attempts to salvage some of its claims by introducing factual allegations in its Opposition that were not included in the Complaint.[2] Atrium itself, however, cites authority that confirms that a court may not consider facts outside the pleadings on a motion to dismiss. *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). In any event, as described below, the factual allegations Atrium attempts to add in its Opposition – and proposes to add in a further pleading – are incapable of creating viable claims.

Atrium's request for discovery ignores the only issue on this motion, which is whether the Complaint states cognizable claims. "[C]ourts routinely grant motions to dismiss state law claims on the basis of pre-emption by the Copyright Act." *Moser Pilon Nelson Architects, LLC v. HNTB Corp.*, 2006 WL 2331013, at *11 (D. Conn. Aug. 8, 2006) (dismissing claim for unjust

---

[1]    Atrium seeks leave to withdraw the claim "without prejudice to re-assert this claim as an affirmative defense" (Opp. at 8), which is puzzling because no claims have been asserted against Atrium and it is not clear that permission is needed for Atrium to withdraw a claim at this point, before a responsive pleading has been served.

[2]    For example, in its Opposition Atrium claims that "the disks [containing materials for the books at issue] were provided to Abrams' parent company La Martiniere for purposes of due diligence for a potential merger." (Opp. at 2) This allegation was not in the Complaint and should be disregarded. So should Atrium's accusation that Abrams has attempted to add facts to those alleged in the Complaint. (Opp. at 2) The accusation rests on a misleading partial quotation of Abrams' opening brief. Abrams did not seek to add any facts beyond the complaint; Abrams simply noted what was included in the Complaint, what was absent, and what that absence might mean. (Opening Br. at 2-3)

enrichment). *See also Am. Broad. Co. Inc. v. Flying J. Inc.*, 2007 WL 583176, at *9-11 (S.D.N.Y. Feb. 22, 2007) (dismissing claim for unfair competition). The question is not whether Atrium can prove facts sufficient to bring its claims, but whether the claims, as pleaded, state any causes of action that can be maintained in addition to the copyright claim. *See, e.g., Integrative Nutrition, Inc. v. Academy of Healing Nutrition*, 476 F. Supp. 2d 291 (S.D.N.Y. 2007) (dismissing claim for unfair competition as pre-empted); *Orange Co. Choppers, Inc. v. Olaes Enters., Inc.*, 497 F. Supp.2d 541, 554-56 (S.D.N.Y. 2007) (dismissing claim for unjust enrichment as pre-empted); *A Slice of Pie Prods., LLC v. Wayans Bros. Entmt.*, 392 F. Supp.2d 297 (D. Conn. 2005) (dismissing claim for misappropriation as pre-empted).

To be clear, Abrams does not seek dismissal of Atrium's claim for copyright infringement at this time. Abrams objects to Atrium's representation of the facts underlying that claim and intends to vigorously dispute Atrium's allegations in due course, but Atrium is entitled to allege facts in its Complaint that must be taken as true for this motion. Its mischaracterizations are wholly irrelevant for the purposes of determining whether its other claims fail on the face of the Complaint. Their dismissal at this juncture is appropriate.

## III.   Atrium's Claims for Unjust Enrichment and Misappropriation Are Pre-Empted by the Copyright Act

Atrium acknowledges that the claim it asserts for alleged deceptive business practices is pre-empted by the Copyright Act but inexplicably denies that its claims for alleged unjust enrichment and misappropriation are pre-empted.[3] It is clear from the Complaint that these claims (like the claim for deceptive business practices) are premised on the same factual allegations and seek to vindicate the same rights protected by copyright. For that reason, courts

---

[3]   Plaintiffs' repeated references to a claim for "misrepresentation" in the Opposition are presumably in error, as the Complaint does not contain a claim for misrepresentation.

in this Circuit and beyond have consistently held that claims for unjust enrichment and misappropriation lack that "extra element" necessary to survive pre-emption. *See, e.g., Briarpatch Limited, L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004) (unjust enrichment claim pre-empted); *Lennon v. Seaman*, 63 F. Supp.2d 428, 436 (S.D.N.Y. 1999) (unjust enrichment "creates rights that are essentially equivalent to those created under federal copyright law"); *Katz Docherman & Epstein, Inc. v. Home Box Office*, 1999 WL 179603, at *3 (S.D.N.Y. March 31, 1999) (misappropriation claim pre-empted); *Integrative Nutrition, supra* (unjust enrichment claim pre-empted); *Panizza v. Mattel, Inc.*, 68 U.S.P.Q.2d 1469 (S.D.N.Y. 2003) (same); *A Slice of Pie Prods., LLC, supra* (misappropriation claim pre-empted); *Irwin v. ZDF Enters. GMBH*, 2006 WL 374960 (S.D.N.Y. Feb. 16, 2006) (same); *see generally* 1 Nimmer § 1.01 [b][1][f][iii] ("legions of cases have held pre-empted claims for misappropriation").

Rather than address this abundant authority, Atrium relies on a single case, *Ulloa v. Universal Music and Dist. Corp*, 2004 WL 840279 (S.D.N.Y. April 19, 2004), for the proposition that it is entitled to plead its state law claims in the alternative in the event its copyright claim fails. This precise argument was considered and rejected by the court in *Moser Pilon Nelson Architects, LLC v. HNTB Corp.*:

> Plaintiffs further argue that, even if their unjust enrichment claim would be preempted by a valid copyright claim, they are entitled to plead it "in the alternative," in case Defendants prevail on the copyright claim. But Plaintiff's argument proves too much: on Plaintiffs' theory of pleading in the alternative, no court could ever decide a motion to dismiss a claim on the basis of preemption until the merits of the copyright claim had first been decided. Yet courts routinely grant motions to dismiss state law claims on the basis of preemption by the Copyright Act. The relevant question is whether Plaintiffs *could* bring their claims under the copyright law at all, not whether they will, nor even whether the will ultimately prevail on their copyright claim. The *Ulloa* case cited by Plaintiffs

is not to the contrary because, in the very passage Plaintiffs quote, the district court expressly acknowledged that "Plaintiff is not entitled to bring an unjust enrichment claim that is identical to her copyright infringement claim." As discussed above, Plaintiffs' claim in this case contains no extra elements that qualitatively distinguish it from a copyright claim, and *Ulloa* is therefore inapposite. The Court concludes that Plaintiffs' unjust enrichment claim is preempted by the Copyright Act.

2006 WL 2331013, at *11 (D. Conn. Aug. 8, 2006) (internal citations omitted).

Here, as in *Moser*, the Complaint makes clear that Atrium's claims of unjust enrichment and misappropriation are identical to its copyright infringement claim: they are predicated solely on the allegedly unauthorized copying and distribution of three books and are not "qualitatively distinguish[ed]" from a copyright claim. Compl., ¶¶ 41-45; 67-70. Furthermore, there is no comparable "factual alternative" here, as there was in *Ulloa*, that permitted the plaintiff there to plead in the alternative. The plaintiff in *Ulloa* was concerned that she might be found to have no copyright interest in the work at issue, in which case she would have no remedy. *Ulloa*, at *2-3. Here, Abrams has already conceded that Atrium has alleged a copyright interest (albeit, not a federal registration) in the Works, which satisfies the subject matter requirement for pre-emption. (Opening Br. at 7) Oddly, Atrium admits that pre-emption might be proper "should Defendant care to admit that the disks contain copyrightable works," (Opp. at 6), but Atrium entirely ignores the fact that Abrams has affirmatively stated that the Works obviously meet the subject matter requirement for copyright pre-emption. They are books, which are protectible by copyright. *Ulloa* provides no grounds for a departure from the established body of law holding that claims for unjust enrichment and misappropriation, without more, are pre-empted.

Nor does Atrium's selective quotation of the decision in *National Basketball Assoc. v. Motorola, Inc.*, 105 F.3d 841 (2d Cir. 1997), salvage the claim it asserts for misappropriation. The Second Circuit in *Motorola* simply noted that *some* commercial misappropriation claims

may survive pre-emption, if the extra-element test is met, which it is not here. The Court confirmed that claims for misappropriation "are virtually synonymous for wrongful copying and are in no meaningful fashion distinguishable from infringement of a copyright," and it recognized an exception that it described as "narrow" – only for the misappropriation of "hot news," which obviously has no applicability here. *Id.* at 851-52. The *Motorola* case concerned transmitting accounts of sporting events as they took place. Atrium's books are not alleged to be "hot news."

Atrium's Opposition reflects a fundamental misunderstanding of pre-emption under the Copyright Act. Atrium argues that it is entitled to put forth alternative claims for relief, but where its "alternative" claims simply reiterate a claim for copying protected works, they are not permitted. Congress has made it clear that federal copyright law provides the exclusive remedy for the violation of rights secured by the Copyright Act. 17 U.S.C. § 301. The cases Atrium cites that have permitted the "belt and suspenders of alternative pleading at the outset of the litigation" are either not copyright cases at all or involved state law claims for rights not secured by the Copyright Act. Opp. at 6. In *Labajo v. Best Buy Stores, L.P.*, 478 F. Supp.2d 523, 531 (S.D.N.Y. 2007), for instance, there was no claim of copyright infringement; the plaintiff was permitted to plead an alternative claim for unjust enrichment in an action for breach of contract, where the defendant denied there was a contract. Likewise, in *Ox v. Union Central Life Ins. Co.*, 1995 WL 634991 (S.D.N.Y. Oct. 27, 1995), there was no question of pre-emption under the Copyright Act because there was no claim for copyright infringement – only claims for breach of contract and unjust enrichment, which were pled in the alternative in case the contract was found to be unenforceable. *Meyers v. Waverly Fabrics Div. of Schumacher & Co.*, 65 N.Y.2d 75, 79-80, 489 N.Y.S.2d 891, 893-94 (1985), was a copyright action, but some of the plaintiff's state

law claims survived a motion to dismiss only because they sought redress for the violation of rights *not* secured by the Copyright Act.

   The gloss of "deception and willful bad acts" that Atrium now attempts to add through its Opposition cannot create separate claims for misappropriation or unjust enrichment. Atrium's own words confirm that those claims simply duplicate the claim of copyright infringement: "Abrams, through deception and willful bad acts obtained copies of the Works from its parent company in France, and improperly printed the Works." Opp. at 6. The claims under state law seek to protect Atrium from unauthorized copying and distribution – "equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law." *Motorola, Inc., supra,* at 848.

   In any event, Atrium did not plead "deception" or "willful bad acts" in its Complaint. Moreover, even if its belated allegations were taken as true for the purpose of this motion, "deception" and "willful bad acts" do not constitute an "extra element" that could allow the claims to avoid pre-emption. Atrium has not cited any authority showing that either is a necessary element of a claim for unjust enrichment or misappropriation. The additional allegations merely described the way Atrium claims Abrams copied the works at issue. The Copyright Act anticipates that some instances of infringement may be willful and result from bad acts, including unauthorized access. *See, e.g., Therapeutic Research Faculty v. NBTY, Inc.,* 488 F. Supp.2d 991, 994-95 (E.D. Cal. 2007) (claim of unauthorized access sufficiently alleged a violation of copyright); 17 U.S.C. § 504(c)(2) (statutory damages available for willful infringement). The mere allegation of deception or impropriety does not create an additional cause of action.

In sum, the essence of each claim Atrium alleges is unauthorized copying and distribution of material protected by copyright. "[T]he Second Circuit has instructed district courts to 'take a restrictive view' of extra elements that might make a state law claim different from a federal one." *Irwin v. ZDF Enters. GMBH*, 2006 WL 374960, at *3 (S.D.N.Y. Feb. 16, 2006) (quoting *Briarpatch Ltd., supra*, 373 F.3d at 306). Atrium's mere allegation of "deception and willful bad acts" – which Abrams would dispute – cannot come close to saving the state law claims from pre-emption. Rewriting the Complaint would be futile. Whether permission is needed or not, amendment would serve no purpose because the allegations of deception and willful bad acts do not alter the essence of the claim. *See Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962); *Am. Broad. Co. Inc. v. Flying J. Inc.*, 2007 WL 583176, at *11 (S.D.N.Y. Feb. 22, 2007) (amending a pleading to add a state law claim that would be pre-empted is futile).

## IV.    *Dastar* Precludes the Claim Atrium Asserts under the Lanham Act

Atrium similarly fails to grasp the effect of the Supreme Court's ruling in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 123 S. Ct. 2041 (2003), on the claim it asserts under the Lanham Act. As explained in Abrams' opening brief, *Dastar* established that the Lanham Act protects only the producer of the physical goods at issue, not the entity that "originated the ideas or communications that [the] goods embody or contain." *Id.* at 31-32; *Flaherty v. Filardi*, 2007 WL 2734633, at *5 (S.D.N.Y. Sept. 19, 2007). Atrium might have asserted a viable claim if it alleged that Abrams falsely indicated that it had manufactured or produced the physical books at issue. *Id.* at 38. However, Atrium admits in its Complaint that it is *not* the producer of those books; it cannot assert a claim under the Lanham Act. Compl. ¶¶ 14, 19, 26, 29, 33 and 42. No amount of repleading can cure that fatal flaw.

Atrium argues that *Dastar* is limited to cases involving uncopyrighted works, but nothing in *Dastar* or the decisions that have applied it supports Atrium's argument. Atrium has not cited

any authority supporting its view of *Dastar*, nor could it, because Lanham Act claims involving copyrighted works are routinely dismissed pursuant to the reasoning articulated in *Dastar*. *See, e.g. Flaherty*, *supra* (copyrighted screenplay); *Bill Diodato Photography, LLC v. Kate Spade, LLC*, 388 F. Supp.2d 382 (S.D.N.Y. 2005) (copyrighted photographs); *Carroll v. Kahn*, 2003 WL 22327299 (N.D.N.Y. Oct. 9, 2003) (copyrighted film). Likewise, Plaintiff's claim that "there is not a single case citing *Dastar's* reasoning in this District" is pure fancy. Opp. at 7. Had Atrium undertaken even the most rudimentary research on this point, it would have seen that *Dastar* has been applied regularly in this District, and beyond, for the precise proposition advanced by Abrams. *See, e.g., Silverstein v. Penguin Putnam, Inc.*, 522 F. Supp.2d 579 (S.D.N.Y. 2007); *Smith v. New Line Cinema*, 2004 WL 2049232, at *3-4 (S.D.N.Y. Sept. 13, 2004); *Flaherty*, *supra*; *Bill Diodato Photography*, *supra*; *A Slice of Pie Prods., LLC*, *supra*. The only cases Atrium cites in its unconvincing effort to avoid the application of *Dastar* were decided before *Dastar*, as Atrium admits. Opp. at 7.

Atrium should have known before asserting it that its claim under the Lanham Act was fatally flawed. Atrium effectively concedes as much by again requesting leave to amend in response to Abrams' motion. However, no amount of creative pleading can overcome the principle the Supreme Court explained in *Dastar*. The Copyright Act governs when the claim is unauthorized copying. Atrium admits that it is not the producer of the goods at issue, and its Lanham Act claim is no more than a carbon copy of its claim for copyright infringement. Amending the claim would be futile.

Nor can Atrium justify a separate Lanham Act claim by adding spurious allegations of trademark infringement based on its allegation that the Works will be published as a "series."[4]

---

[4]    Plaintiffs admit that this additional ground is "not clearly set forth in the Complaint."

Opp. at 7-8.  While trademark protection is accorded to "the title of a series of books or the title

of a periodical or newspaper," McCarthy on Trademarks and Unfair Competition, at 10:6 (2007),

the same title has to be used on each work in such a series.  Atrium's Complaint does not allege

– nor could it allege – that the Works at issue are published as a series under a common title,

such as "The Hardy Boys" or "The Idiot's Guide" or "Fodor's" or "The Smithsonian Guide to

Historic America."  Each of the Works in this case was authored and marketed under a different

title: *New Architecture: An International Atlas*, *International Beach Houses*, and *Des!gn*

*Des!gn, Furniture and Lights*.  Compl. ¶ 10.  There is not even a single word that all three titles

have in common.  Trademark protection is impossible.

Atrium's suggestion that it should replead this claim to include a trademark allegation

simply confirms that Atrium is willing to waste the time of the Court as well as the Defendant by

propounding claims with no basis at all.

## **CONCLUSION**

For the reasons described above, Atrium's Second, Third, Fourth, Fifth and Sixth causes

of action should be dismissed as a matter of law.

Dated: New York, New York
       May 8, 2008

DAVIS WRIGHT TREMAINE LLP

By: *Edward J. Davis*
    Edward J. Davis (ED 1266)
    Bryan M. Tallevi (BT 5273)

    1633 Broadway
    New York, New York 10019
    Telephone:  (212) 489-8230
    Fax:  (212) 489-8340

*Attorneys for Harry N. Abrams, Inc.*