UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------- x
ATRIUM GROUP DE EDICIONES Y  :
PUBLICACIONES, S.L., FRANCISCO  :  Civil Action No. 08-CV-01569 (CM)
ASENSIO,  :
　　　　　　　　　　　　　　　　　:
　　　　　　　　　Plaintiffs,  :  **ANSWER**
　　　　　　　　　　　　　　　　　:
　　　　v.  :
　　　　　　　　　　　　　　　　　:
HARRY N. ABRAMS, INCORPORATED,  :
JOHN DOES 1-10,  :
　　　　　　　　　　　　　　　　　:
　　　　　　　　　Defendants.  :
------------------------------------------------------------- x

　　　　Harry N. Abrams, Inc. ("Abrams"), by and through its undersigned attorneys, Davis Wright Tremaine LLP, hereby answers the Complaint of plaintiffs Atrium Group de Ediciones Y Publicaciones, S.L., and Francisco Asensio ("Atrium" or "Plaintiffs"), as follows:

　　　　1.　　To the extent the allegations of paragraph 1 are deemed to assert conclusions of law, no response is required; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Abrams denies each and every allegation thereof.

　　　　2.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

　　　　3.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

　　　　4.　　Denies the allegations of paragraph 4 except admits that Abrams is a New York corporation and has offices at 115 West 18th Street, New York, NY 10011.

　　　　5.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. To the extent the allegations of paragraph 6 are deemed to asserts conclusions of law, no response is required; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Abrams denies each and every allegation thereof.

7. Admits the allegations of paragraph 7.

8. Admits the allegations of paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, except admits, upon information and belief, that Atrium negotiated with La Martinière regarding the distribution of certain titles and discussed a possible purchase of Atrium by La Martinière.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, except admits that Atrium negotiated with Abrams for the worldwide English language rights for licensing, publishing and distributing new editions of books including Des!gn Des!gn, New Architecture: An International Atlas, International Beach Houses (the "Works").

13. Denies each and every allegation of paragraph 13, except admits that Atrium provided Abrams with copies of the Works on disks.

14. Denies each and every allegation of paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, except denies that it denied to Atrium that the Works had been for sale in the United States.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16.

17. Denies each and every allegation of paragraph 17, except admits that copies of Abrams' editions of the Works were sold in stores and via the internet.

18. Denies each and every allegation of paragraph 18.

19. Denies each and every allegation of paragraph 19 except admits that Abrams published and sold editions of the Works in the United States with Atrium's knowledge and consent.

20. Denies each and every allegation of paragraph 20, except admits that the books that Abrams published bear Abrams' logo and do not bear Atrium's logo on the outside.

21. To the extent the allegations of paragraph 21 assert conclusions of law, no response is required; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Abrams denies each and every allegation thereof.

## FIRST CAUSE OF ACTION

22. Abrams respectfully repeats and realleges each of its prior responses to Paragraphs 1 – 21 as set forth above, as if the same were fully set forth herein.

23. To the extent the allegations of paragraph 23 assert conclusions of law, no response is required; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Abrams denies each and every allegation thereof.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, except to the extent they assert conclusions of law to which no response is required.

25. Denies each and every allegation of paragraph 25, except to the extent they assert conclusions of law to which no response is required.

26. To the extent the allegations of paragraph 26 assert conclusions of law, no response is required; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Abrams denies each and every allegation thereof.

27. To the extent the allegations of paragraph 27 are deemed to assert conclusions of law, no response is required; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Abrams denies each and every allegation thereof.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. To the extent the allegations of paragraph 23 are deemed to assert conclusions of law, no response is required; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Abrams denies each and every allegation thereof.

30. To the extent the allegations of paragraph 30 are deemed to assert conclusions of law, no response is required; to the extent the allegations of the said paragraph are deemed tobe allegations of fact, Abrams denies each and every allegation thereof.

31. Denies each and every allegation of paragraph 31 except admits that "Des!gn Des!gn" contains a copyright notice as quoted in paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 32, except denies that Atrium never granted any right or license to Abrams to register copyrights in any of the Works or create derivative works therefrom.

33. To the extent the allegations of paragraph 33 are deemed to assert conclusions of law, no response is required; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Abrams denies each and every allegation thereof.

34. To the extent the allegations of paragraph 34 are deemed to assert conclusions of law, no response is required; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Abrams denies each and every allegation thereof.

35. To the extent the allegations of paragraph 35 are deemed to assert conclusions of law, no response is required; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Abrams denies each and every allegation thereof.

36. To the extent the allegations of paragraph 36 are deemed to assert conclusions of law, no response is required; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Abrams denies each and every allegation thereof.

37. To the extent the allegations of paragraph 37 are deemed to assert conclusions of law, no response is required; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Abrams denies each and every allegation thereof.

38. To the extent the allegations of paragraph 38 are deemed to assert conclusions of law, no response is required; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Abrams denies each and every allegation thereof.

39. The allegations of paragraph 39 assert a conclusion of law to which wo response is required.

40. To the extent the allegations of paragraph 40 are deemed to assert conclusions of law, no response is required; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Abrams denies each and every allegation thereof.

## SECOND CAUSE OF ACTION

41. Abrams respectfully repeats and realleges each of its prior responses to Paragraphs 1 – 40 as set forth above, as if the same were fully set forth herein.

42. No response to the allegations in Paragraphs 42 – 45 is necessary because the Court's Decision and Order Granting Defendant's Motion to Dismiss, dated July 11, 2008, dismissed the second cause of action, which alleged misappropriation of intellectual property.

### THIRD CAUSE OF ACTION

43. Abrams respectfully repeats and realleges each of its prior responses to Paragraphs 1 – 42 as set forth above, as if the same were fully set forth herein.

44. No response to the allegations in Paragraphs 47 –52 is necessary because the Court's Decision and Order Granting Defendant's Motion to Dismiss, dated July 11, 2008, dismissed the third cause of action, which alleged false designation of origin.

### FOURTH CAUSE OF ACTION

45. Abrams respectfully repeats and realleges each of its prior responses to Paragraphs 1 – 44 as set forth above, as if the same were fully set forth herein.

46. No response to the allegations in Paragraphs 54 –61 is necessary because Plaintiffs have withdrawn the fourth cause of action, which alleged fraud on the Copyright Office.

### FIFTH CAUSE OF ACTION

47. Abrams respectfully repeats and realleges each of its prior responses to Paragraphs 1 – 46 as set forth above, as if the same were fully set forth herein.

48. No response to the allegations in Paragraphs 63–66 is necessary because Plaintiffs have withdrawn the fifth cause of action, which alleged deceptive business practices.

### SIXTH CAUSE OF ACTION

49. Abrams respectfully repeats and realleges each of its prior responses to Paragraphs 1 – 48 as set forth above, as if the same were fully set forth herein.

50. No response to the allegations in Paragraphs 68 – 70 is necessary because the Court's Decision and Order Granting Defendant's Motion to Dismiss, dated July 11, 2008, dismissed the sixth cause of action, which alleged unjust enrichment.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by Plaintiffs' consent to the actions of Abrams.

### THIRD AFFIRMATIVE DEFENSE

If and to the extent Plaintiffs have sustained any injury or damage by reason of the actions complained of, said injury or damage was caused, in whole or in part, by Plaintiffs' own actions and/or inaction.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the equitable doctrines of waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by Plaintiffs' unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Defendants allege that any infringement, which infringement Abrams denies, was innocent and unintentional.

Dated: New York, New York
      July 25, 2008

DAVIS WRIGHT TREMAINE LLP

By: /s/ Deborah A. Adler
Edward J. Davis (ED 1266)
Deborah A. Adler (DA 0909)

> 1633 Broadway
> New York, New York 10019
> Tel: (212) 489-8230
>
> *Attorneys for defendant Harry N. Abrams, Inc*.