UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATRIUM GROUP DE EDICIONES Y PUBLICACIONES, S.L., FRANCISCO ASENSIO,<br><br>            Plaintiffs<br><br>      v.<br><br>HARRY N. ABRAMS, INCORPORATED, JOHN DOES 1-10<br><br>            Defendants. | 08-CV-01569 (CM)<br><br>NOTICE OF MOTION<br>TO WITHDRAW AS COUNSEL<br>AND FOR<br><u>ATTORNEY'S CHARGING LIEN</u> |

      PLEASE TAKE NOTICE that, upon the Declarations of Zeynel M. Karcioglu, Esq., and the Declaration of Barry E. Janay, Esq., the accompanying Memorandum of Law, and any respective exhibits annexed to the aforementioned documents, as well as upon all other pleadings and proceedings had herein, Plaintiff's counsel will move before the Honorable Colleen McMahon, United States District Judge, Southern District of New York, on a date and time to be set by the Court, for an order granting the application of Plaintiff's counsel:

      (a) Permitting the undersigned to withdraw as counsel and directing that all proceedings herein are stayed pending Plaintiff securing substitute counsel;

      (b) Declaring that a settlement agreement has been reached, but no Stipulation of Settlement has as of yet been filed or entered;

      (c) Adjudicating that, as a result of the work they performed in the above captioned matter and their contingency fee interest in any settlement proceeds as outlined in the Engagement Letter executed on January 15th, 2008 a lien under NY Judiciary Law § 475 exists in favor of The Law Office of Barry E. Janay, P.C. and Zeynel Karcioglu, Esq.;

(d) Adjudicating and ordering that The Law Office of Barry E. Janay, P.C. and Zeynel M. Karcioglu, Esq. are entitled to payment of past due hourly fees of $2,212.61 as well as twenty-eight thousand four hundred fifty-eight and 60/100 dollars ($28,458.60) which constitutes a percentage of the proceeds payable to the Plaintiff's from Defendant Harry N. Abrams, Inc. as outlined in the settlement agreement for the U.S. matter, and directing that these funds be transferred to The Law Office of Barry E. Janay, P.C., whether they be in the possession or control of the Plaintiffs, Defendant, or Defendant's parent company and party to the settlement agreement La Martinier Groupe, or any of their attorneys or agents;

(e) In the alternative to the relief requested in (d) above, an award of attorneys fees in *quantum meruit* in the amount of twenty-one thousand two hundred seventy-two dollars and sixty cents ($21,272.60); and

(f) Granting to The Law Office of Barry E. Janay, P.C. and Zeynel Karcioglu, Esq. such other and further relief which as to this Court seems just, proper, and equitable.

Dated:  New York, New York
August 12, 2008

*ATTORNEYS FOR PLAINTIFF*

_____
Barry E. Janay (BJ9311)
The Law Office of Barry E. Janay, P.C.
33 Maiden Lane, Ninth Floor
New York, New York  10038
Tel: 212-742-9403
Fax: 208-693-6720
-and-
Zeynel Karcioglu (ZMK 7931)
36 E. 20th St. 6th Floor
New York, NY  10003
Tel: 212-505-6933
Fax: 646-219-4517

To:

      VIA ECF AND FIRST CLASS MAIL TO

      Edward J. Davis
      Attorney for Defendant Harry N. Abrams, Inc.
      Davis Wright Tremaine LLP
      1633 Broadway, 27th Floor
      New York, NY 10019
      Tel: (212) 603-6431
      Fax: (212) 489-8340
      Email: eddavis@dwt.com

      -and-

      VIA ELECTRONIC MAIL AND FEDERAL EXPRESS
      Atrium Group
      Francisco Asensio, President
      Edificios Trade Gran Vía Carlos III, 84,
      08028 Barcelona, SPAIN
      Tel:  +34. 93 254 0099
      Fax:  +34. 93 372 1661
      Email:  asensio@atriumgroup.org

Zeynel Karcioglu (ZMK 7931)
36 E. 20th St. 6th Floor
New York, NY 10003
Tel: 212-505-6933
Fax: 646-219-4517

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATRIUM GROUP DE EDICIONES Y PUBLICACIONES, S.L., FRANCISCO ASENSIO,<br><br>                Plaintiffs<br><br>        v.<br><br>HARRY N. ABRAMS, INCORPORATED, JOHN DOES 1-10<br><br>                Defendants. | 08-CV-01569 (CM)<br><br>**DECLARATION IN SUPPORT OF**<br>**MOTION TO WITHDRAW AS COUNSEL AND FOR**<br>**ATTORNEY'S CHARGING LIEN** |

      **ZEYNEL M. KARCIOGLU,** an attorney duly admitted to practice law in the State of New York and before the United States District Court for the Southern District of New York, hereby declares and affirms the following under penalty of perjury:

      1.    I am one of the attorneys of record for Plaintiffs Atrium Group De Ediciones Y Publicaciones, S.L., Francisco Asensio (collectively, "Plaintiffs") in this action, and as such, I am fully familiar with the facts and circumstances of this proceeding based upon personal knowledge and the contents of the files maintained by my office.

      2.    I make this declaration in support of the attached Motion To Withdraw As Counsel and For Attorney's Charging Lien.

3. Plaintiffs entered into an engagement with myself and my co-counsel, Barry E. Janay, Esq. whereby Plaintiffs were required to pay fees at a reduced hourly rate of one hundred dollars ($100) per hour of work performed, and in addition, pay to counsel "____ percent [   ] of any settlement amounts obtained before or after the initiation of any legal proceedings in. . . the Abrams matter." (Exhibit A is a redacted copy of the Engagement Agreement).

4. Plaintiffs are currently in arrears in payment of the hourly amounts due to Zeynel M. Karcioglu, Esq. and The Law Office of Barry E. Janay, P.C. for legal fees and disbursements for action in the amount of $2,212.61 as of August 11th, 2008.

5. Plaintiffs sought to litigate in two countries against separate defendants, one lawsuit was commenced in France, and another is the action at hand. The parties reached a global settlement, settling both actions.

6. Plaintiffs have stated their intent not to pay the fees that are past due and the contingency portion of the fees due in this action, thereby deliberately disregarding the engagement agreement.

7. Plaintiffs never provided the undersigned counsel a copy of the settlement agreement entered into in this action (the "Settlement Agreement"), indicating that it was a "amicable" and "personal" solution rather than a settlement between the parties; however when the undersigned counsel were forwarded a copy of the Settlement Agreement by Defendants counsel, we learned that the above-captioned action is settled in return for a substantial payment to Plaintiffs. By failing to provide the Settlement Agreement to their counsel, and seeking to have the moneys paid directly to them, Plaintiffs have clearly sought to circumvent the engagement agreement in this action.

8.  When asked about the payment of the contingency fee due, the Plaintiffs refused to pay. Plaintiffs further indicated that our request for a portion of the contingency fee was "without legal foundation." Plaintiffs have been unwilling to pay the contingency fee due and have breached the Engagement Letter / retainer agreement.

9.  The reduced fee of $100/hour fee charged to Plaintiffs to litigate this matter was expressly conditioned upon the agreement that Plaintiffs would be entitled to a contingency recovery in the event of a settlement of this action. Id.

10. That Engagement letter requires Plaintiffs to pay myself and my co-counsel the percentage due as a result of this matter having been settled. Plaintiffs settled this action in exchange for a substantial payment.

11. Furthermore, the settlement agreement indicates that one-half of the settlement moneys – a sum sufficient to satisfy the lien – is to be paid to Plaintiffs within 180 days from July 31, 2008.

12. Unless the pending proceedings are stayed pending Plaintiffs retention of substitute counsel, Plaintiffs will effectively be denied representation in these proceedings.

13. No previous application has been made for the relief sought herein.

Dated:  New York, New York
        August 12, 2008

　　　　　　　　　　　　　　　　　　　　　　　　　_____/s/_____

　　　　　　　　　　　　　　　　　　　　　　　　　ZEYNEL M. KARCIOGLU
　　　　　　　　　　　　　　　　　　　　　　　　　Zeynel Karcioglu, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　Zeynel Karcioglu (ZMK 7931)
　　　　　　　　　　　　　　　　　　　　　　　　　36 East 20th St. 6th Fl.
　　　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10003
　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: 212.505.6933
　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: 646.219.4517

The Law Office of Barry E. Janay, P.C.
Barry E. Janay (BJ9311)
33 Maiden Lane, 9th Floor
New York, NY 10038
Telephone: 646-652-6206
Facsimile: 208-693-6720

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATRIUM GROUP DE EDICIONES Y PUBLICACIONES, S.L., FRANCISCO ASENSIO,<br><br>                          Plaintiffs<br><br>          v.<br><br>HARRY N. ABRAMS, INCORPORATED, JOHN DOES 1-10<br><br>                          Defendants. | 08-CV-01569 (CM)<br><br>**DECLARATION IN SUPPORT OF**<br>**MOTION TO WITHDRAW AS COUNSEL AND FOR**<br>**ATTORNEY'S CHARGING LIEN** |

**BARRY E. JANAY,** an attorney duly admitted to practice law in the State of New York and before the United States District Court for the Southern District of New York, hereby declares and affirms the following under penalty of perjury:

1. I am one of the attorneys of record for Plaintiffs Atrium Group De Ediciones Y Publicaciones, S.L., Francisco Asensio (collectively, "Plaintiffs") in this action, and as such, I am fully familiar with the facts and circumstances of this proceeding based upon personal knowledge and the contents of the files maintained by my office.

2. I make this declaration in support of the attached Motion To Withdraw As Counsel and For Attorney's Charging Lien.

3. Plaintiffs entered into an engagement with myself and my co-counsel, Barry E. Janay, Esq. whereby Plaintiffs were required to pay fees at a reduced hourly rate of one hundred dollars ($100) per hour of work performed, and in addition, pay to counsel "____ percent [   ] of any settlement amounts obtained before or after the initiation of any legal proceedings in. . . the Abrams matter." (Exhibit A is a true copy of the Engagement Agreement).

4. Plaintiffs are currently in arrears in payment of the hourly amounts due to Zeynel M. Karcioglu, Esq. and The Law Office of Barry E. Janay, P.C. for legal fees and disbursements for action in the amount of $2,212.61 as of August 11th, 2008.

5. Plaintiffs sought to litigate in two countries against separate defendants, one lawsuit was commenced in France, and another is the action at hand. The parties reached a global settlement, settling both actions.

6. Plaintiffs have stated their intent not to pay the fees that are past due and the contingency portion of the fees due in this action, thereby deliberately disregarding the engagement agreement.

7. Plaintiffs never provided the undersigned counsel a copy of the settlement agreement entered into in this action (the "Settlement Agreement"), indicating that it was a "amicable" and "personal" solution rather than a settlement between the parties; however when the undersigned counsel were forwarded a copy of the Settlement Agreement by Defendants counsel, we learned that the above-captioned action is settled in return for a substantial payment to Plaintiffs. By failing to provide the Settlement Agreement to their counsel, and seeking to have the moneys paid directly to them, Plaintiffs have clearly sought to circumvent the engagement agreement in this action.

8.     When asked about the payment of the contingency fee due, the Plaintiffs refused to pay. Plaintiffs further indicated that our request for a portion of the contingency fee was "without legal foundation." Plaintiffs have been unwilling to pay the contingency fee due and have breached the Engagement Letter / retainer agreement.

9.     The reduced fee of $100/hour fee charged to Plaintiffs to litigate this matter was expressly conditioned upon the agreement that Plaintiffs would be entitled to a contingency recovery in the event of a settlement of this action. Id.

10.    That Engagement letter requires Plaintiffs to pay myself and my co-counsel the percentage due as a result of this matter having been settled. Plaintiffs settled this action in exchange for a substantial payment.

11.    Furthermore, the settlement agreement indicates that one-half of the settlement moneys – a sum sufficient to satisfy the lien – is to be paid to Plaintiffs within 180 days from July 31, 2008.

12.    Unless the pending proceedings are stayed pending Plaintiffs retention of substitute counsel, Plaintiffs will effectively be denied representation in these proceedings.

13.    No previous application has been made for the relief sought herein.

_____
BARRY ERAN JANAY (BJ9311)
The Law Office of Barry E. Janay, P.C.
Barry E. Janay (BJ9311)
33 Maiden Lane, 9th Floor
New York, NY 10038
Telephone: 646-652-6206
Facsimile: 208-693-6720



33 MAIDEN LANE
9TH FLOOR
NEW YORK, NY 10038
212-742-9403 Tel
212-294-8822 Fax
inquiries@lobej.com

January 14, 2008

**PERSONAL AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION**

Francisco Asensio, President and CEO
Atrium Group
Edificios Trade Gran Via Carlos III, 84, 3ª
08028 Barcelona, SPAIN
Tel.: +34. 93 254 00 99
Fax: +34. 93 372 1661
E-mail: asensio@atriumgroup.org
www.atriumbooks.com

Re: Engagement letter for litigation matters (2).

Dear Mr. Asensio:

Thank you for retaining The Law Office of Barry E. Janay, P.C. to represent you in connection with two (2) litigation claims you wish to pursue or which you have already authorized work to be done by myself or independent contractor attorneys as described in greater detail below.

The purpose of this letter is to confirm the engagement as counsel and to provide you with certain information concerning my fees, billing, and internal collections policies, as well as other terms that will govern our relationship. Although I do not wish to be overly formal in my relationship with you, I have found it to be a helpful practice to confirm with my clients the nature and terms of our representation prior to conducting work. Attached to this letter are my firm's standard terms of engagement. Please review these and let me know if you have any questions concerning the policies outlined therein.

The engagement is initially entered into for the purpose of providing legal services including the advising of potential claims that Atrium may have as well as the litigating of any claims that you wish to pursue. Atrium Group hereby agrees to pay for all filing fees, arbitration or court administrative fees, postage, and taxes for such fees that may be incurred during the course of this representation. This representation shall only be conducted so long as fees are paid within thirty (30) days after they become due (due date provided on invoices). The representation has already begun and will continue with the execution of this agreement by Francisco Asensio on behalf of Atrium Group, Barry E. Janay on behalf of The Law Office of Barry E. Janay, P.C. REDACTED on behalf of the The Law Office of REDACTED, and by Zeynel Karcioglu, Esq. (co-counsel handling Abrams matter). On behalf of myself and the other independently contracted attorneys, I look forward to serving your needs in this matter and to establishing mutually satisfactory attorney / client relationships.

The Law Office of Barry E. Janay, P.C. will keep Atrium Group informed of the status of its case(s) whenever action has been taken by my firm, REDACTED, Zeynel Karcioglu, or an agency's response, or any opposition's response, as well as any other instances that may require Atrium Group's attention. If the terms contained in this engagement letter and supplemental pages are acceptable to you on behalf of Atrium Group please return this agreement via fax to the number

January 14, 2008
Page 2

above as well as send an original copy to the address provided above. It is recommended that you keep a copy of this agreement for your records as well.

After a number of discussions concerning the fee agreement, I as well as the independent contractor attorneys [SFEBDUFE] and Zeynel Karcioglu, Esq. have agreed to handle both of the above referenced collections matters for you on [SFEBDUFE]. Mr. Karcioglu, Esq., [SFEBDUFE] [SFEBDUFE], as well as myself will provide legal services billed monthly on an hourly fee basis of $100 per hour. In addition to these fees the proceeds of any litigation settlements or judgments will be collectible and split evenly (or by subsequent separate agreement between the attorneys on the basis of work or skill utilized in obtaining the settlement or judgment) along the following schedule: (1) [SFEB] percent (●%) of any settlement amounts obtained before or after the initiation of any legal proceedings in either the Transaction matter or Abrams matter, (2) [SFEBDUFE] percent [SFEBDUFE] shall be the contingency fee due should either the Abrams matter or Transaction matter be resolved by Motion or Application to the court, and we obtain a ruling in favor of Atrium Group providing a monetary award; (3) [SFEBDUFE] shall be the contingency fee due should either the Abrams or [SFEBDUFE] matter be resolved by a trial on the merits of the claims presented. Atrium Group will remain responsible for payment of all necessary reimbursable expenses incurred by The Law Office of Barry E. Janay, P.C., Law Office of [SFEBDUFE], or Zeynel Karcioglu, Esq. while working on any of its matters. Reimbursable expenses include but are not limited to postage, copying, service of process, or any other necessary fees or expenditures encountered during the course of this engagement. Atrium Group, The Law Office of Barry E. Janay, P.C., Law Office of [SFEBDUFE] [SFEBDUFE], and Zeynel Karcioglu, Esq. agree to fully cooperate in negotiating a modification to this representation agreement in a manner that is fair to each of the parties respectively should circumstances change and the need arise. All activities of The Law Office of Barry E. Janay, P.C., Law Office [SFEBDUFE], and Zeynel Karcioglu will be clearly itemized on its billing statements sent by The Law Office of Barry E. Janay, P.C. and any inquiries by Atrium Group will be addressed in as timely a manner possible. The Law Office of Barry E. Janay, P.C. will receive payments from you as well as create an escrow account to deposit any settlement funds and will be responsible for distributing the fees to the independent contractor attorneys [SFEBDUFE] and Zeynel Karcioglu, Esq.

Upon your execution of this engagement letter an attorney / client relationship will be created with all of the attorneys included in this engagement letter. Again, you will received itemized invoices / statements of account on a monthly basis for as long as the matters referred to The Law Office of Barry E. Janay, P.C. remain active. Should The Law Office of Barry E. Janay, P.C.'s or the independent contractor attorneys [SFEBDUFE] and Zeynel Karcioglu, Esq. representation of Atrium in connection with the [SFEBDUFE] or Abrams matters be terminated or voluntarily discontinued all previously owed amounts will be due and payable on the date indicated in the invoices / statements of account.

If the terms described above and in the attached terms of engagement are satisfactory, please so indicate by signing and returning this letter.

Should you have any questions or concerns, please do not hesitate to contact the firm via any of the above provided channels. The Law Office of Barry E. Janay, P.C. looks forward to working together with [SFEBDUFE] and Zeynel Karcioglu, Esq. you in a joint effort to reach a positive outcome.

Sincerely,

January 14, 2008
Page 3

Approved this 15th day of January, 2008.

The Law Office of Barry E. Janay, P.C.

By: _____
Barry E. Janay, Esq., Owner

-and-



Zeynel Karcioglu, Esq.

By: _____
Zeynel Karcioglu, Esq.
36 East 20th Street, 6th Fl
New York, New York 10003
Telephone: 212.505.6933

January 14, 2008
Page 4

Direct Fax: 646.219.4517
zkarciogiu@yahoo.com

Atrium Group

By: _____
Francisco Asensio, President

WITNESSED BY:

*[signature]*

ARSANNA GARCIA ZULOAGA.