The Law Office of Barry E. Janay, P.C.
Barry E. Janay (BJ9311)
33 Maiden Lane, 9th Floor
New York, NY 10038
Telephone: 646-652-6206
Facsimile: 208-693-6720

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATRIUM GROUP DE EDICIONES Y PUBLICACIONES, S.L., FRANCISCO ASENSIO,<br><br>      Plaintiffs<br><br>    v.<br><br>HARRY N. ABRAMS, INCORPORATED, JOHN DOES 1-10<br><br>      Defendants. | 08-CV-01569 (CM)<br><br>**DECLARATION IN SUPPORT OF**<br>**MOTION TO WITHDRAW AS COUNSEL AND FOR**<br>**<u>ATTORNEY'S CHARGING LIEN</u>** |

**BARRY E. JANAY,** an attorney duly admitted to practice law in the State of New York and before the United States District Court for the Southern District of New York, hereby declares and affirms the following under penalty of perjury:

  1.  I am one of the attorneys of record for Plaintiffs Atrium Group De Ediciones Y Publicaciones, S.L., Francisco Asensio (collectively, "Plaintiffs") in this action, and as such, I am fully familiar with the facts and circumstances of this proceeding based upon personal knowledge and the contents of the files maintained by my office.

  2.  I make this declaration in support of the attached Motion To Withdraw As Counsel and For Attorney's Charging Lien.

3.  Plaintiffs entered into an engagement with myself and my co-counsel, Barry E. Janay, Esq. whereby Plaintiffs were required to pay fees at a reduced hourly rate of one hundred dollars ($100) per hour of work performed, and in addition, pay to counsel "____ percent [   ] of any settlement amounts obtained before or after the initiation of any legal proceedings in. . . the Abrams matter." (Exhibit A is a true copy of the Engagement Agreement).

4.  Plaintiffs are currently in arrears in payment of the hourly amounts due to Zeynel M. Karcioglu, Esq. and The Law Office of Barry E. Janay, P.C. for legal fees and disbursements for action in the amount of $2,212.61 as of August 11th, 2008.

5.  Plaintiffs sought to litigate in two countries against separate defendants, one lawsuit was commenced in France, and another is the action at hand. The parties reached a global settlement, settling both actions.

6.  Plaintiffs have stated their intent not to pay the fees that are past due and the contingency portion of the fees due in this action, thereby deliberately disregarding the engagement agreement.

7.  Plaintiffs never provided the undersigned counsel a copy of the settlement agreement entered into in this action (the "Settlement Agreement"), indicating that it was a "amicable" and "personal" solution rather than a settlement between the parties; however when the undersigned counsel were forwarded a copy of the Settlement Agreement by Defendants counsel, we learned that the above-captioned action is settled in return for a substantial payment to Plaintiffs. By failing to provide the Settlement Agreement to their counsel, and seeking to have the moneys paid directly to them, Plaintiffs have clearly sought to circumvent the engagement agreement in this action.

8. When asked about the payment of the contingency fee due, the Plaintiffs refused to pay. Plaintiffs further indicated that our request for a portion of the contingency fee was "without legal foundation." Plaintiffs have been unwilling to pay the contingency fee due and have breached the Engagement Letter / retainer agreement.

9. The reduced fee of $100/hour fee charged to Plaintiffs to litigate this matter was expressly conditioned upon the agreement that Plaintiffs would be entitled to a contingency recovery in the event of a settlement of this action. Id.

10. That Engagement letter requires Plaintiffs to pay myself and my co-counsel the percentage due as a result of this matter having been settled. Plaintiffs settled this action in exchange for a substantial payment.

11. Furthermore, the settlement agreement indicates that one-half of the settlement moneys – a sum sufficient to satisfy the lien – is to be paid to Plaintiffs within 180 days from July 31, 2008.

12. Unless the pending proceedings are stayed pending Plaintiffs retention of substitute counsel, Plaintiffs will effectively be denied representation in these proceedings.

13. No previous application has been made for the relief sought herein.

*Barry Janay*

_____

BARRY ERAN JANAY (BJ9311)
The Law Office of Barry E. Janay, P.C.
Barry E. Janay (BJ9311)
33 Maiden Lane, 9th Floor
New York, NY 10038
Telephone: 646-652-6206
Facsimile: 208-693-6720