Barry E. Janay (BJ9311)
The Law Office of Barry E. Janay, P.C.
33 Maiden Lane, Eighth Floor
New York, New York 10038
Tel: 212-742-9403
Fax: 208-693-6720

Zeynel Karcioglu (ZMK 7931)
36 E. 20th St. 6th Floor
New York, NY 10003
Tel: 212-505-6933
Fax: 646-219-4517

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATRIUM GROUP DE EDICIONES Y PUBLICACIONES, S.L., FRANCISCO ASENSIO,<br><br>              Plaintiffs<br><br>v.<br><br>HARRY N. ABRAMS, INCORPORATED, JOHN DOES 1-10<br><br>              Defendants. | 08-CV-01569 (CM) |

**Memorandum of Law in Support of Plaintiffs' Counsel's Motion to Withdraw**
**As Counsel and For Attorneys' Charging Lien**

      The undersigned counsel, Barry E. Janay and Zeynel M. Karcioglu, hereby seek an order from this Court to withdraw from this action under Local Rule 1.4, due to irreconcilable differences between the Plaintiffs and counsel of record and Plaintiffs' deliberate refusal to pay its agreed-upon attorneys fees.

      Counsel of record may withdraw from representing clients in litigation where a client

"deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." *Boyle v. Revici*, 1987 WL 28707 (S.D.N.Y. 1987); *see also HCC, Inc. v. R H & M Machine Co.,* 1998 WL 411313, at *1 (S.D.N.Y. 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw.")  This is particularly the case where, as here, withdrawal will not prejudice the client's rights.  *Federal Home Loan Mortgage Corp. v. 41-50 78th St. Corp.,* 1997 WL 177862 (E.D.N.Y. 1997) (granting motion to withdraw for deliberate failure to pay fees, where withdrawal would not prejudice client).

## Statement of Facts

On January 15, 2008, Plaintiffs Francisco Asensio and Atrium Group De Ediciones y Publicaciones, S.L. ("Plaintiffs"), entered into an attorney-client relationship with the Law Offices of Barry E. Janay and Zeynel M. Karcioglu, Esq. as co-counsel to pursue litigation in the United States on their behalf.  Karcioglu and Janay Decls. at ¶ 3.  The parties entered into a retainer agreement in the form of an Engagement Letter, which set forth the terms of the parties' fee relationship.  Specifically, attorneys for Plaintiffs would work on this matter for a reduced hourly fee of $100/hour, plus a contingency fee, agreed to be a certain percentage if the case settled before trial, another, higher percentage if the matter was resolved upon dispositive motion, and an even higher percentage if decided after a trial.  *See* Ex. A.

The action at hand involves Defendant's sale of Plaintiffs' copyrighted works without a distribution agreement.  Over one year ago, the parties unsuccessfully attempted to negotiate a distribution agreement in the United States when Defendant Harry N. Abrams decided to distribute the works without an agreed-upon contract.  Defendant had not paid any minimum guarantee or upfront payment for the works.  No contract was signed.

Plaintiffs' counsel uncovered numerous instances in which the works were being sold at various U.S. distributors, such as Barnes and Noble and online. Notably, a similar scenario was underway in Europe, in which case Defendant's French parent company, La Martiniere Groupe, was the unlicensed distributor of the works. In order to stop the illicit sales of the works by Defendant and La Martiniere Groupe, Plaintiffs initiated two lawsuits: one against Defendant Harry N. Abrams in the United States and another in France, against La Martiniere Groupe (the "French Action"). Karcioglu and Janay Decls. at ¶¶ 5.

Discovery commenced, and Plaintiffs began discussing a global settlement of the two lawsuits with La Martiniere Groupe and Defendant, which US counsel had originally encouraged as a potential business solution to these controversies. Thereafter, without US Counsel's involvement, Plaintiffs entered into a settlement agreement with Defendants executed July 31, 2008 (the "Settlement Agreement"), and sent Plaintiffs' counsel a Stipulation of Dismissal to file. When Plaintiff's counsel inquired as to the terms of the Settlement Agreement and reminded Plaintiffs that they were obligated under the retainer agreement to pay a percentage of any settlement to counsel as a contingency fee, Plaintiffs responded that counsel was not entitled to moneys under the agreement, and that the Settlement Agreement was not a contingency solution, but an "amicable and personal solution" between Plaintiffs and the defendants in the various lawsuits.

Plaintiffs never provided the Settlement Agreement to their counsel, and only instructed them to file the Stipulation of Dismissal. In fact, unless and until the Stipulation was filed, Plaintiffs said, they would not even pay the outstanding (reduced) hourly fees in the amount of $2,212.61 incurred until that time.

Upon Plaintiffs' demands to file the Stipulation and their refusal to pay, Plaintiffs counsel

requested and obtained a copy of the Settlement Agreement from Defendant's counsel; the Settlement Agreement clearly indicates that Plaintiffs and Defendant agreed to settle the United States action in return for a payment of a substantial sum to Plaintiffs.  (A copy of the Settlement Agreement will be provided to the Court *in camera,* at the Court's request.)  The settlement funds were to be paid as follows:  half upon signing, and a bill of exchange in the amount of the remaining half dated 180 days afterwards.  In return, the Defendant would have rights to distribute the works similar to the rights it sought under the parties' original negotiations.  The European Action was also similarly settled.   Karcioglu and Janay Decls. at ¶¶ 11.

At this stage, Plaintiffs have been substantially enriched, and will receive another payment in an amount more than sufficient to satisfy the lien in less than 180 days.  These negotiations and payments were made in Europe, and appear to have been conducted so as to deprive counsel of the fruits of their labor: namely the contingency fee agreed-upon by Plaintiffs and relied upon by their counsel in relation to the settlement proceeds for the US action.  Plaintiffs have repeatedly insisted that they will not pay any portion of the contingency fee to counsel, and have even refused to pay the outstanding hourly fees.

### Counsel's Lien Under Judiciary Law § 475

New York Judiciary Law § 475 provides in pertinent part that the "attorney who appears for a party has a lien upon his client's cause of action, . . .  which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and *the proceeds thereof in whatever hands they may come*, and the lien cannot be affected by any settlement between the parties before or after judgment, final order, or determination.  The court upon the petition of the client or attorney may determine and enforce the lien."  29 N.Y. Jud. L. § 475.  This section of

the Judiciary Law was codified expressly to protect attorneys from clients seeking to subvert engagement agreements, and requires no notice in order to bring it into effect.  *See  In re Washington Square Slum Clearance, Borough of Manhattan, City of New York*, 5 N.Y.2d 300 (Ct. App. 1959).  Furthermore § 475 is to be "construed liberally in aid of the object of the Legislature, which was to furnish security to attorneys by giving them a lien upon the subject of this action."  *Morgan v. H.P. Drewry, S.A.R.L.*, 285 A.D.1, 4 (1st Dept. 1954).   This Court has jurisdiction over this dispute because the claim "is sufficiently related to an initial claim properly before the court."  *Chesely v. Union Carbide Corp.,* 927 F.2d 60, 64 (2d Cir. 1991).  Furthermore, as La Martiniere Groupe owns Defendant, and appears to be paying the settlement moneys to Plaintiffs in order to benefit Defendant and settle this dispute, any moneys within its control, too will be subject to the Petitioners' lien.

On January 15, 2008 Plaintiffs in this action entered into an engagement agreement with the attorneys of record in this action, the Law Offices of Barry E. Janay and Zeynel M. Karcioglu, Esq.  which called for movants to perform legal work at a reduced rate of $100/hour, and in addition to these fees, a percentage of "the proceeds of any litigation settlements or judgments" was to be split between counsel.  *See* Ex. A.  Plaintiffs have received and will receive substantial amounts in settlement moneys in connection with the US litigation.

Petitioners are entitled to recover from those sums to be paid Plaintiffs, the fees due and agreed-upon under the Engagement Agreement.  Courts have held that where an international party seeks to evade paying its attorneys fees, an attorneys' lien under this section of the Judiciary law may be asserted against the funds, even where such funds are in the hands or control of the defendants.  *Morgan v. H.P. Drewry, S.A.R.L.*, 285 A.D.1, 4 (1st Dept. 1954).

In this case, the Plaintiffs benefited from the Petitioners services and refuse to

compensate Plaintiffs in the agreed upon amounts under their Engagement Agreement. Petitioners regret being forced to bring this action, but as Plaintiffs are overseas, and given that Defendants and La Martiniere Groupe still retain a portion of the settlement funds in their possession and to be paid for their benefit, Petitioners must enforce their rights.

## CONCLUSION

In light of the foregoing, Petitioners respectfully request that this Court grant their Motion to Withdraw as well as declare and enforce against the settlement funds in this action a lien in the amount of thirty-thousand six hundred seventy-one and 21/100 dollars ($30,671.21), which comprises: the contingency fee as of August 11, 2008 ($28,458.60) plus outstanding hourly fees in the amount of two thousand two hundred twelve and 61/100 dollars ($2,212.61), or, in the alternative, granting petitioners outstanding attorneys fees earned in *quantum meruit* at a rate of $250/hour,the amount of Twenty-One Thousand Two Hundred Seventy Two and 60/100 ($21,272.60) Dollars; and directing that all proceedings herein are stayed pending Plaintiffs securing substitute counsel, if necessary.

Finally, Counsel seeks guidance from the Court as to the filing of the Stipulation of Settlement in this action, and whether it may be filed by the undersigned, or whether a conflict of interest exists such that the movants may not enter the same.

Dated: New York, New York
August 11, 2008

Respectfully submitted,

_____/s/_____

Zeynel M. Karcioglu, (ZMK 7931)
36 E. 20th St. 6th Floor
New York, NY 10003
Tel: 212-505-6933


Barry E. Janay (BJ9311)
The Law Office of Barry E. Janay, P.C.
33 Maiden Lane, Eighth Floor
New York, New York 10038
Tel: 212-742-9403

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that this 12th day of August, 2008, a copy of the foregoing **Motion To Withdraw As Counsel And For Attorney's Charging Lien** and all supporting documents and declarations was served upon counsel for Defendant by ECF and First Class mail, to the attention of :

>Ed Davis, Esq.
>Davis Wright Tremaine LLP
>1633 Broadway
>New York, New York 10019

and served via email and FedEx delivery to the attention of:

>Atrium Group
>Francisco Asensio, President
>Edificios Trade Gran Vía Carlos III, 84,
>08028 Barcelona, SPAIN
>Tel:  +34. 93 254 0099
>Fax:  +34. 93 372 1661
>Email:  asensio@atriumgroup.org

Dated: New York, NY
       August 12, 2008

>_____/s/_____
>Zeynel Karcioglu, Esq.